NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022[*]
Decided September 2, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1703

| | |
|---|---|
| TRAVIUS K. TUCKER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 21-cv-00325-SPM |
| TYLER S. HOLLAND, et al., *Defendants-Appellees*. | Stephen P. McGlynn, *Judge*. |

**O R D E R**

Travius Tucker, an Illinois inmate, sued prison staff and officials for allegedly violating his Eighth Amendment and Fourteenth Amendment rights by reducing his institutional privileges without adequate notice. The district court dismissed his

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complaint because it did not adequately allege any constitutional violations, and we affirm.

In January 2020, Tucker (then incarcerated at the Pinckneyville Correctional Center) appeared twice before the prison's disciplinary committee for various alleged violations of the disciplinary rules. Each hearing was held without 24 hours' notice and without an opportunity to review the charges first—according to the complaint, which we accept as true at this stage. *Williams v. Dart*, 967 F.3d 625, 630 (7th Cir. 2020). The committee found Tucker guilty of all charges and sentenced him to 13 months in C-grade status. Inmates in C-grade status have restricted commissary purchases, restricted visits, and no other privileges except yard time. *See* ILL. ADMIN. CODE tit. 20, § 504.130.

Tucker sued several correctional officers, the warden, and the prison's Chief Administrative Officer under 42 U.S.C. § 1983 for their involvement in the disciplinary proceedings. Tucker asserted that the failure to provide sufficient notice of the hearings or opportunity to review the charges against him violated his right to procedural due process and that his demotion inflicted psychological distress, thus violating his right to be free from cruel and unusual punishment. Before screening, he also moved to "file the complaint under" the Americans with Disabilities Act, 42 U.S.C. § 12132, because he has "serious mental health issues."

A year after the complaint was filed, the district court screened it and dismissed it under 28 U.S.C. § 1915A. The court explained that the demotion to C-grade status did not implicate a liberty interest requiring the Fourteenth Amendment's procedural protections. Further, Tucker did not appear to suffer a substantial risk of serious harm or an extreme deprivation that implicated the Eighth Amendment. The court also denied Tucker's motion to amend the complaint because he did not state an ADA claim, and the court declined to provide another chance because there were "no additional facts that would state a claim under the Fourteenth and Eighth Amendments for the denial of notice."

On appeal, Tucker first contends that the demotion to C-grade status required more procedural due process. We apply de novo review to the decision to dismiss, *Williams*, 967 F.3d at 632, and conclude that Tucker did not state a due process claim under the Fourteenth Amendment. Procedural due-process protections apply only if the punishment results in more time in prison or otherwise affects a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995); *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). All Tucker received was a demotion in offender grade, which does

not affect the duration of his sentence, and so the federal Constitution does not require the procedures that Tucker demands. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

As for the Eighth Amendment claim, Tucker argues that Pinckneyville's then-warden is liable because he was aware of the procedurally deficient hearing, which led to restrictions that (Tucker alleges) harmed Tucker's "psychological well-being." But Tucker does not suggest that the warden or any defendant was actually aware of, yet disregarded, a "substantial risk of serious harm" to him. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Nor does he connect any defendant's actions to deprivation of "the minimal civilized measure of life's necessities," such as sufficient food, clothing, or shelter. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (internal citations and quotations omitted). He therefore has not stated an Eighth Amendment claim.

Finally, the district court did not err when denying Tucker's request for leave to add a claim under the ADA, or when denying leave to further amend his complaint. Because the court's decisions were based on the futility of amendment, our review is still de novo. *Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020). Tucker had no obligation to plead legal theories, so amendment was not needed to add one. *See* FED. R. CIV. P. 8(a)(2); *Lovelace v. Gibson*, 21 F.4th 481, 488 (7th Cir. 2021). But we note that, as the district court determined, the complaint had no factual allegations suggestive of a claim that "he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (internal quotation marks omitted) (relying on 42 U.S.C. § 12132). Assuming that Tucker's mental health issues were exacerbated by a loss of privileges, nothing in the complaint suggests that any adverse action was taken because of a disability. Further, we agree with the district court that no additional allegations could state a Fourteenth Amendment or Eighth Amendment claim based on the disciplinary proceedings and demotion in status, and that it would therefore be futile to allow further amendment.

AFFIRMED